# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 19, 2004       Decided December 28, 2004

No. 03-1038

NORTHERN CALIFORNIA POWER AGENCY,
PETITIONER

v.

NUCLEAR REGULATORY COMMISSION AND
UNITED STATES OF AMERICA,
RESPONDENTS

THE CITY OF SANTA CLARA, CALIFORNIA AND
PACIFIC GAS AND ELECTRIC COMPANY,
INTERVENORS

———

On Petition for Review of an Order of the
Nuclear Regulatory Commission

———

*Robert C. McDiarmid* argued the cause for petitioner. With him on the briefs were *Ben Finkelstein* and *Andrea G. Lonian*.

*Grace H. Kim*, Attorney, U.S. Nuclear Regulatory Commission, argued the cause for respondents. With her on the brief were *Robert B. Nicholson*, Assistant Chief, U.S. Department of Justice, *Robert J. Wiggers*, Attorney, *Karen D. Cyr*, General Counsel, U.S. Nuclear Regulatory Commission,

*John F. Cordes, Jr.*, Solicitor, and *E. Leo Slaggie*, Deputy Solicitor.

*David A. Repka* argued the cause and filed the brief for intervenor Pacific Gas and Electric Company. *Brooke D. Poole* entered an appearance.

Before: RANDOLPH, ROGERS, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Northern California Power Agency ("NCPA") asks us to vacate an order of the Nuclear Regulatory Commission, issued on February 14, 2003. Pacific Gas and Electric Company ("PG&E") held two licenses and planned to transfer them in connection with its proceedings in bankruptcy. In the order, the Commission refused to reimpose antitrust provisions in the licenses upon their transfer. NCPA filed a timely petition for judicial review of the Commission's order. PG&E and the City of Santa Clara intervened.

On April 14, 2004, PG&E filed a motion to dismiss NCPA's petition for review as moot. The motion contained the following statement: "Counsel for the Commission and the NCPA have indicated that they do not object to the termination of this proceeding." Two days later a Clerk's order granted the motion, dismissing the case as moot and transmitting a certified copy of the order "in lieu of formal mandate." Simultaneously on April 16, NCPA moved to dismiss its petition as moot and to vacate the Commission's order. NCPA's motion is now before us. The Commission takes no position on vacatur but questions our jurisdiction in light of the fact that the mandate has issued. Intervenor PG&E opposes vacatur. Intervenor City of Santa Clara has chosen not to participate.

3

"Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." FED. R. APP. P. 41(a). We have said that "[i]ssuance of the mandate formally marks the end of appellate jurisdiction." *Johnson v. Bechtel Assocs. Prof'l Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam). This is generally true, but there are exceptions, as when we direct the mandate to issue immediately pursuant to FED. R. APP. P. 41(b), and later entertain a petition for rehearing or rehearing en banc. The mandate in this case issued nearly a year ago, and the time for a rehearing petition has long since expired. To restore our jurisdiction, the mandate would have to be recalled. Although no statute or rule authorizes the courts of appeals to recall mandates, the practice has long been recognized as an inherent part of the judicial power. *Johnson*, 801 F.2d at 416. The history is recounted in *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 276-77 (D.C. Cir. 1971), and in 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3938, at 712-16 (2d ed. 1996). Before 1948, when the lower federal courts sat in terms, judgments of the court remained under its control during the term. *See Hill v. Hawes*, 320 U.S. 520, 524 (1944); *Bronson v. Schulten*, 104 U.S. 410, 415 (1881). Revisions to the Judicial Code in 1948 ended the significance of terms of court; the federal courts are now "always open," and the expiration of a term or session "in no way affects the power of the court to do any act or take any proceeding." 28 U.S.C. § 452. Federal Rule of Civil Procedure 60(b)(6), effective in 1948, explicitly granted district courts the power to relieve parties from their final judgments on motions made "within a reasonable time," and we have long treated motions to recall mandates as the equivalent of Rule 60(b) motions. *See Greater Boston*, 463 F.2d at 276-77; *see also Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997). As to the ground for recalling the mandate, it is often said that this may be done only in exceptional circumstances. *See, e.g.,*

*Patterson v. Crabb,* 904 F.2d 1179, 1180 (7th Cir. 1990); *Johnson*, 801 F.2d at 416; *Greater Boston*, 463 F.2d at 278. One of those circumstances is clerical error, *see* 16 WRIGHT & MILLER, *supra*, § 3938, at 720 n.23, and we believe that is what occurred here, for two reasons.

In the first place, at the time the Clerk's order issued not all the parties had signaled their agreement to dismissing the petition. PG&E's motion stated only that the Commission and NCPA had agreed to this disposition; the motion did not mention the City of Santa Clara, which had intervened. In the second place, whenever a case becomes moot on petition for review of an agency order, *see A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324 (1961), or on appeal from a district court judgment, *see United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), a question remains -- should the decision below be vacated? It is of no consequence that PG&E's motion said nothing about this question. Vacatur should be ordered *sua sponte* when the circumstances so warrant. *See Columbian Rope Co. v. West*, 142 F.3d 1313, 1318 n.5 (D.C. Cir. 1998). That is a decision for the court, not the Clerk's office. Even if the motion had addressed vacatur, the duty of decision remained with the court. *See Munsingwear,* 340 U.S. at 40; *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267 (1936) (per curiam). In view of the error in the issuance of the Clerk's order, we construe NCPA's motion to vacate to include a request to recall the mandate, a request we now grant. *See Johnson*, 801 F.2d at 416.

We also will grant NCPA's motion to vacate the Commission's order. NCPA's petition became moot when PG&E entered into a settlement in a bankruptcy proceeding. NCPA was not a party to the settlement. Citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), PG&E argues that the "equities" do not support vacating the

Commission's order. The Supreme Court used the term "equitable" in *Bancorp* not because it thought it was sitting as a court of equity, but because vacatur in moot cases should be determined by considerations of "fairness" and "justice," terms the Court treated as interchangeable with "equitable." *See*, *e.g.*, *Bancorp*, 513 U.S. at 24-25. Of prime consideration, said the Court, "is whether the party seeking relief from the judgment below caused the mootness by voluntary action," *id.* at 24, in which event vacatur would usually not be ordered, *id.* at 29. But if the party who lost below did not cause the case to become moot, that is, if happenstance or the actions of the prevailing party ended the controversy, vacatur remains the standard form of relief. *Id.* at 25; *see also Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 634 (D.C. Cir. 2002).

There is nothing to PG&E's argument that NCPA is somehow responsible for this case becoming moot. NCPA was not a party to the bankruptcy settlement, although it was a party to the bankruptcy proceedings. PG&E nevertheless wants us to believe that NCPA "caused the mootness by voluntary action," *Bancorp*, 513 U.S. at 25, that is, by failing to appeal the bankruptcy court's order confirming PG&E's settlement. This is nonsense. One might as well say the victim caused the robbery by failing to put up enough resistance. PG&E's argument also assumes, without any basis, that if NCPA had appealed the court would have set the settlement aside, despite PG&E's support of it.

*Pharmachemie B.V. v. Barr Labs., Inc.*, which PG&E cites, characterized a drug company's failure to appeal an adverse ruling in a patent litigation against a third party as "voluntary action that led to the mootness of the instant case," apparently because a favorable ruling was a condition precedent to action the company requested from the Food and Drug Administration in the district court. 276 F.3d at 634. Unlike *Pharmachemie*,

here both the party seeking vacatur -- NCPA -- and the party opposing vacatur -- PG&E -- were parties to the separate bankruptcy proceeding. PG&E entered into the settlement that mooted the case (there was no settlement in *Pharmachemie*), NCPA was not a party to the settlement, and -- at least to the extent that the settlement guaranteed that PG&E's licenses would not be transferred -- NCPA prevailed when the bankruptcy court issued the order confirming the settlement. PG&E's decision to enter into the bankruptcy settlement, not NCPA's inaction, was the proximate cause of mootness.

For the reasons given, the mandate is recalled and the Commission's order is vacated.

*So ordered.*