Jenny RUBIN et al., Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF
IRAN et al., Defendants,

and

The United States of America,
Intervenor.

Civil Action No. 01–1655 (RMU).

United States District Court,
District of Columbia.

June 2, 2008.

Bennett J. Bergman, Pawtucket, RI,
David J. Strachman, McIntyre, Tate,
Lynch & Holt, Providence, RI, for Plaintiffs.

### *MEMORANDUM ORDER*

RICARDO M. URBINA, District Judge.

DENYING THE PLAINTIFFS' MOTION FOR PUNITIVE DAMAGES; GRANTING THE PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT; GRANTING THE GOVERNMENT'S MOTION TO VACATE THE PLAINTIFFS' WRITS OF ATTACHMENT AND EXECUTION AND THE COURT'S OPINION AND ORDER OF MARCH 23, 2005; GRANTING THE PLAINTIFF'S MOTION PURSUANT TO THE DEFENSE AUTHORIZATION ACT

### I. INTRODUCTION

In the final chapter of this seven-year litigious saga, the government brings a motion to vacate the plaintiffs' writs of

attachment and execution and to vacate the court's memorandum opinion and order of March 23, 2005. In that memorandum opinion and accompanying order this court granted the plaintiffs' motion for a writ of execution against two bank accounts [1] belonging to the defendants.[2] The government appealed that ruling, but on appeal the parties filed a Joint Motion to Vacate the Writs of Attachment and Execution, to Vacate this Court's Order as Moot, and to Dismiss the Appeal as Moot. Gov't's Mot., Ex. A ("Joint Motion"). In the Joint Motion, the plaintiffs indicated that they "are no longer interested in litigating this matter and are willing to relinquish all claims to the two consular bank accounts." Joint Motion at 3. Accordingly, this Circuit dismissed as moot the government's appeal and remanded the case to this court to "consider the motion for vacatur as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)." Mandate (Sept. 7, 2005). Because the plaintiffs urge the court "to implement the terms of the Joint Motion as directed by the [mandate]," Pls.' Opp'n at 4, it is clear that the parties do not dispute (1) vacating the plaintiffs' writs of attachment and execution or (2) vacating this Court's March 23, 2005 order. Rather the plaintiffs' only dispute—and, therefore, the only issue before the court—is whether to vacate the memorandum opinion filed contemporaneously with the March 23, 2005 order.[3]

## II. ANALYSIS

### A. The Government's Request is Properly Before the Court

■ The plaintiffs first contend that the "court should deny the government's request because it violates the express directive of the Court of Appeals." Pls.' Opp'n at 4. But the plaintiffs later soften their critique, asserting that the mandate, "by necessary implication" prevents the government from filing a motion that differs from the terms in their Joint Motion filed with the Circuit. Pl.'s Supp. Opp'n at 2. In its mandate, the Circuit ordered "that the case be remanded to the district court with instructions to consider the motion for vacatur as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)." Mandate (Sept. 7, 2005). Because vacating the memorandum opinion was never squarely before the Circuit, the mandate, as the government points out, does not preclude this court from addressing whether the memorandum opinion in addition to the order issued March 23, 2005 should be vacated. Gov't's Supp. Mot. at 5–9; *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C.Cir.2001) (concluding that "the District Court stood

---

**1.** After the Clerk of the Court entered default judgment against the defendants on March 6, 2002, the court conducted several evidentiary hearings and issued a Findings of Fact and Conclusions of Law and an Order and Judgment on September 10, 2003 awarding the plaintiffs $71.5 million for injuries suffered as a result of a terrorist attack in Jerusalem in 1997.

**2.** The defendants are the Islamic Republic of Iran, the Iranian Ministry of Information and Security, as well as senior Iranian officials.

**3.** On remand, the plaintiffs filed a motion pursuant to the National Defense Authorization Act for Fiscal Year 2008 ("Defense Authorization Act"), Pub.L. No. 110–181, § 1083. Pls.' DAA Mot. Because the instant case (1) was brought under and relied upon 28 U.S.C. § 1605(a)(7) and the Flatow Amendment; (2) has been adversely affected because both provisions fail to create a cause of action; and (3) is currently pending before the court on a Rule 60(b) motion, the court grants the plaintiffs' motion, giving "effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code." Defense Authorization Act, Pub.L. No. 110–181, § 1083(c)(2)(A).

on firm ground" in considering an issue that was not "cleanly raised" in an earlier appeal); *Cleveland v. Fed. Power Comm'n,* 561 F.2d 344, 348 (D.C.Cir.1974) (holding that "[t]he mandate rule ... is a specific application of the doctrine commonly known as the law of the case ... and does not apply to points not decided on a previous appeal, even though they then could have been"). Indeed, once the Circuit issues its mandate the district court regains jurisdiction over the case. *See United States v. DeFries,* 129 F.3d 1293, 1302 (D.C.Cir.1997). Consequently, the government's request that the court vacate its memorandum opinion issued March 23, 2005 is properly before the court.

## B. The Court Grants the Government's Request to Vacate the Memorandum Opinion Issued March 23, 2005

### 1. Legal Standard for Vacatur of a Memorandum Opinion

■ Federal Rule of Civil Procedure 60(b) states that a court, in its discretion, may grant relief from a judgment for "any ... reason that justifies relief." FED. R.CIV.P. 60(b)(6). Mootness provides such a reason, and "[w]hether any opinion should be vacated on the basis of mootness is an equitable question." *St. Lawrence Seaway Pilots' Ass'n v. Collins,* 2005 WL 1138916, at *1 (D.D.C. May 13, 2005) (quoting *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 484 (6th Cir.2004)). "Of prime consideration ... 'is whether the party seeking relief from the judgment below caused the mootness by voluntary action....'" *N. Cal. Power Agency v. Nuclear Regulatory Comm'n,* 393 F.3d 223, 225 (D.C.Cir.2004) (quoting *United States Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). "[I]f the party who lost below did not cause the case to become moot, that is, if

happenstance or the actions of the prevailing party ended the controversy, vacatur remains the standard form of relief." *Id.* (internal citations omitted).

### 2. The Plaintiffs Voluntarily Abandoned Their Claims

The government argues that vacatur must be granted because the plaintiffs unilaterally abandoned their claims, rendering this court's earlier decision unreviewable. Gov't's Mot. at 5. The plaintiffs retort that the Joint Motion was not a unilateral action but a stipulation whereby the government relinquished its right to appeal this court's memorandum opinion and its right to request that this court vacate the memorandum opinion, and the plaintiffs agreed not to oppose vacatur of their writs of attachment, execution and the order issued March 23, 2005. Pls.' Opp'n at 5; Pls.' Sur-reply at 3. This agreement was finalized, the plaintiffs assert, upon the filing of the Joint Motion with the Circuit. *Id.* Therefore, the plaintiffs conclude that the government is "legally and equitably estopped from seeking to breach and change the terms of the Joint Motion." Pls.' Opp'n at 6.

■ The plaintiffs' theory, however, does not comport with the facts in the record. After the issuance of the mandate, on December 5, 2005, the plaintiffs stated in an e-mail to the government: "Adding to [the] complexity of the mix is the fact that the government never requested and Rubin plaintiffs never agreed to vacatur of the underlying memorandum opinion." Gov't's Reply, Ex. B. This statement belies the plaintiffs' assertion that the failure to mention the memorandum opinion in the parties' Joint Motion was a deliberate act pursuant to a preexisting agreement. Moreover, the plaintiffs' theory is contrary to their unilateral concession on June 3, 2005, that "their own execution

proceedings in respect to these accounts—and almost certainly the United States' appeal thereof—are moot/unripe." Pls.' Response to Gov't's Em. Mot. for Stay (June 3, 2005) at 2. Thus, the court concludes that the plaintiffs voluntarily rendered their claims moot.

The plaintiffs' final argument is that the court should not vacate the memorandum opinion because "there is a powerful public interest in the continued validity of that Opinion," Pls.' Opp'n at 8, in that it "is one of the few decisions interpreting § 201 of the Terrorism Risk Insurance Act ('TRIA') which permits enforcement proceedings against the blocked assets of state sponsors of terrorism such as Iran," *id.* at 2–3. This would presumably aid the plaintiffs in their quest to use the memorandum opinion to "seek turnover" of the accounts because, absent vacatur, their "underlying entitlement to the account would therefore seem to be res judicata." Gov't's Reply, Ex. B.

 Using the memorandum opinion for its precedential value or to "seek turnover" of the accounts runs contrary to the underlying purpose of vacatur outlined by the Supreme Court in *United States v. Munsingwear Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). That is, vacatur should be utilized "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Id.* at 41, 71 S.Ct. 104. Therefore, the plaintiffs' bases for requesting that the court leave its memorandum opinion untouched while vacating the order are otiose.

Accordingly, it is this 2nd day of June, 2008,

ORDERED that the plaintiffs' motion pursuant to the Defense Authorization Act is GRANTED; and it is

FURTHER ORDERED that the government's motion to vacate is hereby GRANTED; and it is

FURTHER ORDERED that the writs of attachment and execution against the two accounts at Bank of America identified in these proceedings as the Third and Fourth Accounts are hereby DISSOLVED; and it is

FURTHER ORDERED that the order and memorandum opinion issued March 23, 2005 are hereby VACATED.

SO ORDERED.