In the Matter of: Geraldine Kay SMITH, Debtor,

Geraldine Kay Smith, Appellant,

v.

Frank Webre; et al., Appellees.

No. 07–35766.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Geraldine Kay Smith, Eagle Point, OR, for Appellant.

Gary M. Georgeff, Esquire, Brookings, OR, for Appellee.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Geraldine Kay Smith appeals pro se from orders of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order denying her motion for relief from judgment, denying her motion for reconsideration before the BAP, and imposing sanctions for a frivolous appeal. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for abuse of discretion. *Flores v. Arizona*, 516 F.3d 1140, 1163 (9th Cir.2008) (denial of motion for relief from judgment); *Nat'l Bank of Long Beach v. Donovan (In re Donovan)*, 871 F.2d 807, 808 (9th Cir.1989) (per curiam)

** This disposition is not appropriate for publication and is not precedent except as provid-

(denial of motion for reconsideration); *Ehrenberg v. Cal. State Univ. (In re Beachport Enter.)*, 396 F.3d 1083, 1086–87 (9th Cir.2005) (imposition of sanctions). We affirm.

■ The bankruptcy court did not abuse its discretion by denying Smith's motion for relief under Rule 60(b)(1) and (6) because her failure to file a timely notice of appeal was neither excusable neglect nor faultless delay. *See* Fed.R.Civ.P. 60(b)(1) (allowing relief for excusable neglect); Fed. R. Bank. P. 9024 (applying Rule 60 to bankruptcy proceedings); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (allowing relief under Rule 60(b)(6) for faultless delay).

■ We lack jurisdiction to consider the underlying order that Smith seeks to challenge because she failed to file a timely notice of appeal from that order. *See Flores*, 516 F.3d at 1163 (stating that a timely notice of appeal is a jurisdictional requirement and the failure to file a timely appeal cannot be cured through a Rule 60(b) motion).

■ The BAP did not abuse its discretion by denying Smith's motion for reconsideration because the motion merely repeated arguments that were already presented to and considered by the BAP. *See* Fed.R.Civ.P. 60(b); Fed. R. Bankr.P. 9024.

■ The BAP did not abuse its discretion by imposing sanctions for a frivolous appeal on the basis that Smith's briefing failed to address the only bankruptcy court order from which she timely appealed, the denial of her Rule 60 motion. *See* Fed. R. Bankr.P. 8020.

ed by 9th Cir. R. 36–3.

Smith's motion to take judicial notice is denied. The briefs filed with the BAP and the bankruptcy court in this case are already part of the record on appeal. The documents from separate state and federal cases are not relevant to the issues on appeal. *See Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice of documents that were not relevant to the resolution of the appeal).

Smith's remaining contentions are unpersuasive.

AFFIRMED.