MURPHY, Circuit Judge,
concurring in the judgment.
The BAP did not abuse its discretion in refusing to recall its mandate. Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (noting appellate court’s power to recall its mandate “can be exercised only in extraordinary circumstances” to prevent “grave, unforeseen contingencies”). Thus, I wholly join the Order and Judgment, with particular emphasis on the holding that this court “need not determine whether Rule 60 applies to BAP proceedings.” Majority Op. at 744.
Nevertheless, the concurring opinion contains extensive discussion of the issue expressly not necessary for the resolution of this appeal — namely, the dubious assertion Fed.R.Civ.P. 60(b) is applicable to proceedings in the BAP. Concurring Op. at 746 (opining that “Evans may be correct that Fed.R.Civ.P. 60 applies to BAP proceedings”). For authority, the concur *746 rence relies upon ,a singular extant opinion, an unpublished decision of the Ninth Circuit providing no analysis. Concurring Op. at 746-47 (citing Smith v. Webre (In re Smith), 335 Fed.Appx. 667, 668 (9th Cir.2009)). This court has, however, in an unpublished decision, expressed doubt as to the wholesale applicability of the Federal Rules of Civil Procedure to the BAP. Taumoepeau v. Mfrs. & Traders Trust Co. (In re Taumoepeau), 523 F.3d 1213, 1218 (10th Cir.2008) (“[W]e do not in any way suggest that the Federal Rules of Civil Procedure apply wholesale to proceedings before the BAP.”). There is good reason for such doubt. The Federal Rules of Civil Procedure are generally rules governing trial court proceedings, not appellate proceedings such as bankruptcy appeals, and have a scope and articulation consistent with such a specific role.[1] The BAP’s own rules are clear: only Part VIII of the Federal Rules of Bankruptcy Procedure apply to the BAP. Tenth Circuit BAP L.R. 8018-1. Thus, by local rule, Rule 60(b) is inapplicable to BAP proceedings. Furthermore, Tenth Circuit BAP L.R. 8018-1 is fully consistent with Federal Rule of Bankruptcy Procedure 8018. See Fed. R. Bankr.P. 8018 (providing that “[c]ircuit councils which have authorized bankruptcy appellate panels ... may ... make and amend rules governing practice and procedure for appeals from orders or judgments of bankruptcy judges to the respective bankruptcy appellate panel”).
Because resolution of the issue is not necessary to resolve this appeal, the parties’ briefing of the issue is not remotely helpful or informative, and the resolution of the issue is far from clear, the better course would be to avoid opining on the issue. I offer up my own comments on the issue for the very limited purpose of providing some of the considerations indicating Fed.R.Civ.P. 60 does not apply to BAP proceedings.

. The concurring opinion places great stock in the fact both the D.C. Circuit and Charles A. Wright's Practice and Procedure treatise draw comparisons between factors appellate courts might utilize in deciding whether to recall a mandate and factors set out in Rule 60(b) empowering district courts to set aside judgments previously entered. While there may be common considerations as to whether an appellate court should recall its mandate and a trial court set aside a judgment, that does not mean Rule 60(b) is applicable to the BAP. In particular, this court has described one of the D.C. Circuit cases relied upon by the concurrence as supporting the following limited rule: "[A]n appellate court has power to set aside at any time a mandate that was procured by fraud or act to prevent an injustice, or to preserve the integrity of the judicial process. Although the rule is stated in broad terms, the appellate courts have emphasized that the power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances.” Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997) (quotation and citations omitted). No court, specifically including those cited in the concurrence, has ever considered whether each and every ground for relief set out in Rule 60(b) is also available as a ground for an appellate court to recall its mandate. Likewise, no court has considered whether the limitations on granting relief set out in Rule 60 apply to an appellate court's discretion to recall its mandate.