HARTZ, Circuit Judge,
concurring:
I write separately to comment on an issue raised by appellant Evans but not addressed in the panel opinion.
Evans may be correct that Fed.R.Civ.P. 60 applies to BAP proceedings. Bankruptcy Rule 1001 states that the “Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code.” One might assume that “cases” refers only to trial matters, not appellate proceedings. But Part VIII of the Rules sets forth rules for appeals to the district court or BAP, so such proceedings must *747 have been considered by the enacters of the Rules as “cases under title 11.” Moreover, Part IX of the Rules, which includes Rule 9024, includes no scope provision limiting its application to bankruptcy courts.[1] And the apparent anomaly of applying Rule 60 to the BAP is perhaps not so strange when one notes that the Federal Rules of Civil Procedure do not appear to exclude bankruptcy appeals to the district court from the district-court matters to which Rule 60 applies. See Fed.R.Civ.P. 81 (setting forth certain district-court proceedings to which the Rules of Civil Procedure do not apply or apply only in part); cf. id. Rule 81(a)(2) (stating, “[t]hese rules apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure,” thereby coming full circle and leaving to the bankruptcy rules whether Rule 60 applies to bankruptcy appeals to the district court). It is thus not totally surprising that an unpublished opinion of the Ninth Circuit appears to have applied Rule 60 to a BAP proceeding, although without any analysis. See Smith v. Webre (In re Smith), 335 Fed.Appx. 667, 668 (9th Cir.2009).
Although the rules committees may wish to clarify this point, almost nothing turns on it. The panel opinion in this case is limited in scope; it states only that a motion to set aside the BAP’s prior sanctions order on the ground that the BAP lacked subject-matter jurisdiction is rejected for essentially the same reason whether the motion is considered to be a motion under Rule 60(b)(4) or a motion to recall the mandate. But the congruence between Rule 60 and the doctrine on recalling a mandate extends much further than just consideration of a challenge to subject-matter jurisdiction. The circum-stanees in which a mandate can be recalled that are discussed in Greater Boston Television Corp. v. FCC, 463 F.2d 268, 277-80 (D.C.Cir.1971)-a decision we endorsed in Ute Indian Tribe of Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997)-and in 16 Charles A. Wright, et al., Federal Practice and Procedure § 3938 (2d ed.1996), are redolent of the circumstances set forth in Rule 60. I agree with the D.C. Circuit, which has “long treated motions to recall mandates as the equivalent of Rule 60(b) motions.” N. Cal. Power Agency v. Nuclear Regulatory Comm’n, 393 F.3d 223, 225 (D.C.Cir.2004).

. I should also note that a local rule cannot override a Federal Rule of Bankruptcy Procedure.