**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In Re:  PATRICIA ANN EVANS,

Debtor,

------------------------------

PATRICIA ANN EVANS,

Appellant,

v.

THE BANK OF NEW YORK TRUST
COMPANY, N.A., as successor to
JPMorgan Chase Bank, N.A., as
Trustee,

Appellee.

No. 11-1096
(BAP No. 10-031-CO)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

More than two years after the Bank of New York Trust Company ("New York Trust" or "bank") purchased a Denver home at foreclosure, Patricia Ann Evans filed for Chapter 7 bankruptcy, listing the same home as her address. The bank, which by then had already obtained a judgment of possession and writ of restitution in state court, took care not to violate the automatic stay imposed in Ms. Evan's bankruptcy case, *see* 11 U.S.C. § 362(a). To that end, the bank moved for relief from the automatic stay. The bankruptcy court granted the motion, and the Tenth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the order lifting the automatic stay. The BAP later denied Ms. Evans' motion for rehearing and eventually sanctioned her for filing a frivolous appeal.

Now in this court, Ms. Evans claims the bankruptcy court lacked jurisdiction to grant relief from the automatic stay and the BAP erred in imposing sanctions.[1] Unfortunately for Ms. Evans, two jurisdictional defects prevent us from considering her claims. First, Ms. Evans' notice of appeal designated for appeal only the BAP's order denying rehearing, not the BAP's decision affirming stay relief, nor the BAP's imposition of sanctions. Second, although the notice of appeal properly designated the BAP's denial of rehearing, the issues resolved by

---

[1]     Ms. Evans also makes a vague allusion to a due process violation. We afford Ms. Evans' pro se materials a solicitous construction, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), but her failure to adequately develop this issue forfeits appellate review, *see Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (noting that failure to adequately develop an argument forfeits appellate review).

that decision were rendered moot by Ms. Evans' bankruptcy discharge. We therefore lack jurisdiction and accordingly dismiss this appeal.

## BACKGROUND

The home in question was previously owned by Ms. Evan's daughter, Vicki Dillard-Crowe. After the house fell into foreclosure, New York Trust purchased it at auction and, once all state statutory redemption periods expired, initiated eviction proceedings against all occupants. The bank obtained a judgment of possession and writ of restitution in state court, but before it could execute the writ, Ms. Evans filed her bankruptcy petition listing the home as her address. This caused the bank to halt its efforts to execute its writ and seek relief from the automatic stay created by Ms. Evans' bankruptcy filing.

At a hearing before the bankruptcy court, counsel for New York Trust explained that after acquiring the house, the bank received a public trustee's deed and successfully defended its judgment of possession against Ms. Dillard-Crowe in the Colorado Court of Appeals. The Colorado Supreme Court later declined to review the dispute. Ms. Dillard-Crowe filed for bankruptcy, causing the bank to seek relief from the stay imposed in Ms. Dillard-Crowe's bankruptcy case. New York Trust was granted relief, but the very next day, Ms. Evans filed her own bankruptcy petition, leading the bank to seek stay relief in Ms. Evans' case as well.

For her part, Ms. Evans asked to continue the hearing. She wanted to get a lawyer because, in her view, she was uninvolved in the matter. As she told the court: "[T]his doesn't deal with me" because "I am just a guest in [t]his home, so I don't know why they're trying to – they're requesting a writ against me. I'm a guest in [t]his home and I can't answer to anything because I don't know my rights, and my name is not on the deed." Aplt. Br., Ex. 1 (Hr'g Trans.) at 13-14.

Upon hearing these arguments, the bankruptcy court granted New York Trust's motion for relief from stay. The court observed that Ms. Dillard-Crowe's rights had been divested in foreclosure, New York Trust's ownership rights already had been established, and the stay arguably did not even apply to the bank's efforts to execute its writ of restitution. The court considered several grounds for granting relief and settled on 11 U.S.C. § 362(d), which, among other things, allows a court to grant a party-in-interest relief from stay for cause or if the debtor has no equity in the property, *id.* § 362(d)(1), (d)(2)(A).

On January 4, 2011, the BAP affirmed the order lifting the automatic stay. Notwithstanding the discharge of Ms. Evans' bankruptcy during the pendency of the appeal, the BAP rejected the bank's argument that the appeal was moot, reasoning that the stay remained in force so long as the property remained in the estate. On the merits, the BAP agreed that relief from the automatic stay was proper because Ms. Evans held no equity in the home. The BAP also noted that Ms. Evans' primary argument on appeal—that her daughter was a "necessary and

-4-

indispensible [sic] party," Aplee. App. at 1,—had twice been rejected by the BAP, and her remaining contentions were meritless, bordering on frivolous. Consequently, the BAP directed Ms. Evans to show cause why sanctions should not be imposed.

On January 13, 2011, Ms. Evans responded with a motion for reconsideration, maintaining that the bankruptcy court lacked jurisdiction to grant stay relief and asserting that sanctions should not be imposed because it was "self-evident" that her appeal was not frivolous. R., Vol. 1 at 36. On February 4, 2011, the BAP denied Ms. Evans' motion for rehearing and directed the bank to file an itemization of damages and costs. On March 4, 2011, Ms. Evans filed her notice of appeal, designating for appeal only "the judgment, order, or decree of the United States Bankruptcy Appellate Panel entered on February 4, 2011." *Id.* at 75. Thereafter, on March 11, 2011, the BAP entered an order sanctioning Ms. Evans $4,737.50 for filing a frivolous appeal. *See* Fed. R. Bankr. P. 8020.

## DISCUSSION

In this appeal, Ms. Evans contests the bankruptcy court's jurisdiction, claiming that a motion for relief from the automatic stay is a non-core proceeding over which the bankruptcy court lacked jurisdiction. She also challenges the BAP's imposition of sanctions, insisting that her pro se appeal was not frivolous.

In any case, "including decisions involving a lower court's subject matter jurisdiction, . . . the first and fundamental question is that of jurisdiction, *first, of*

-5-

*this court*, and *then* of the court from which the record comes." *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1195 (10th Cir. 2005) (internal quotation marks omitted). Indeed, "the question of this Court's jurisdiction (i.e., our appellate jurisdiction) is *antecedent* to all other questions, including the question of the subject matter of the [lower court]." *Id.* (internal quotation marks omitted). We must therefore consider our own jurisdiction before entertaining Ms. Evans' challenge to the bankruptcy court's jurisdiction, and notwithstanding that neither party contests our jurisdiction. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("Although neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction.").

**BAP's Order Affirming Stay Relief**

We first consider our jurisdiction to review the BAP's January 4, 2011, merits decision affirming stay relief.[2] Although she argues this decision on appeal, Ms. Evans did not designate or otherwise reference this decision in her notice of appeal. Rather, she designated the BAP's denial of rehearing, entered on February 4, 2011. Our jurisdiction "is limited to final judgments or parts thereof that are designated in the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990). Although we "liberally construe the requirements of [Federal] Rule [of Appellate Procedure] 3," *Smith v. Barry*,

_____

[2]    The BAP entered a separate final judgment the same day, January 4, 2011.

502 U.S. 244, 248 (1992), Ms. Evans did not file any other document referencing the January 4, 2011, order that could serve as the "functional equivalent" of a timely notice of appeal, *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 (10th Cir. 2008) (internal quotation marks omitted) (observing that documents such as a pro se docketing statement or timely filed brief may serve as the "functional equivalent" of a notice of appeal).  Ms. Evans' failure to appeal the BAP's order affirming stay relief precludes us from reviewing that decision.

### BAP's Order Denying Rehearing

Ms. Evans designated for appeal the BAP's order denying her motion for rehearing.  She sought rehearing on the same issue that formed the basis of her underlying appeal:  whether the bankruptcy court had jurisdiction to grant New York Trust relief from the automatic stay.  Ordinarily, we would review the denial of rehearing for an abuse of discretion.  *See Shawnee State Bank v. First Nat'l Bank of Olathe (In re Winders)*, 202 B.R. 512, 517 (D. Kan. 1996) ("Rule 8015 is silent as to the standard for granting a rehearing, but granting a motion for reconsideration is within the discretion of the court whose order is subject to the motion.").  Here, however, another kind of jurisdictional problem precludes our review:  mootness.

"Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief."  *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987) (internal quotation marks omitted).

Ms. Evans appealed the grant of stay relief to the BAP, and while her appeal was pending, the bankruptcy court discharged her bankruptcy petition. The bankruptcy code provides that a stay of any act against a Chapter 7 debtor continues until the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). By the time the BAP entered its merits decision and denied rehearing, the stay had already terminated by operation of law, *see id.*, thus mooting the case.

Although the BAP recognized the discharge, it ruled that the appeal was not moot because the stay remained in force until the property was no longer part of the estate. *See id.*, § 362(c)(1) ("the stay of an act against property of the estate . . . continues until such property is no longer property of the estate"). The problem with this rationale, however, is that the property--that is, the real property, the actual house--was never part of the estate. The house had been owned by Ms. Evans' daughter, Ms. Dillard-Crowe; New York Trust acquired the house at foreclosure; and Ms. Evans expressly disavowed any interest in the home. Consequently, the stay protected only any possessory interest Ms. Evans held by virtue of her occupancy. And when her discharge was granted, the stay protecting that interest terminated, thus mooting any appeal of that issue.

**BAP's Order Imposing Sanctions**

Finally, we consider our jurisdiction over the BAP's order imposing sanctions. The BAP directed Ms. Evans to show cause and, after receiving her

response, entered its sanctions order on March 11, 2011. Because Ms. Evans'

notice of appeal was filed before that date, a second notice of appeal was required

to bring the sanctions order within our jurisdiction. *See Willis*, 531 F.3d at 1296.

Ms. Evans did not file a second notice of appeal, and there is no "functional

equivalent" of a second notice of appeal from the sanctions order. *See id.*

Consequently, we have no jurisdiction to review the BAP's imposition of

sanctions.

This appeal is DISMISSED for lack of jurisdiction. Ms. Evans' motion to

proceed on appeal in forma pauperis is GRANTED.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge