FILED
United States Court of Appeals
Tenth Circuit

April 3, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICKI DILLARD,

        Plaintiff-Appellant,

v.

THE BANK OF NEW YORK, as
Successor to JP Morgan Chase
Bank,

        Defendant-Appellee.

No. 11-1379
(D.C. No. 1:09-CV-03008-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

This pro se action stems from the foreclosure of plaintiff Vicki Dillard's

home in Denver, Colorado.[1]  Ms. Dillard's complaint alleged a host of statutory

and constitutional violations perpetrated by defendant Bank of New York (BNY).

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Because Ms. Dillard is proceeding pro se, we afford her filings a liberal construction, but we do not act as her advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Specifically, Ms. Dillard alleged that in foreclosing on her home, BNY violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and associated regulations; the Fifth Amendment's due process clause; 42 U.S.C. § 1986; the Federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.,* and its implementing regulation; 15 U.S.C. § 1625j; the Home Ownership and Equity Protection Act of 1994 (HOEPA); and Colorado Rule of Civil Procedure 105. Ms. Dillard sought damages, fees, and other relief. BNY moved to dismiss the suit, and a magistrate judge recommended that the motion be granted.

The magistrate judge determined that the suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Regarding Rule 12(b)(1), the magistrate judge observed that several of Ms. Dillard's claims challenged the state foreclosure and eviction proceedings, alleging improprieties in BNY's loan documentation that led to her wrongful eviction. These claims, the magistrate judge concluded, sought review of final state court decisions and were therefore barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). With regard to Rule 12(b)(6), the magistrate judge concluded that Ms. Dillard's remaining claims were subject to dismissal because, among other things, RESPA afforded her no private right of action under the provisions of the statute and regulations she relied upon; she alleged no conspiracy to support a § 1986 claim; her TILA

and HOEPA claims were time-barred; and there is no statute codified at 15 U.S.C. § 1625j.  Ms. Dillard objected, but the district court adopted the magistrate judge's report and recommendations and dismissed the action with prejudice. Ms. Dillard appealed, and we now affirm.[2]

We review de novo the district court's dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009).  Because resolution of the *Rooker-Feldman* issue implicates our subject matter jurisdiction, we first consider those aspects of the district court's decision.  *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).

"The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court."  *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012).  Here, Ms. Dillard unquestionably sought review and rejection of the state court foreclosure and eviction proceedings.  Her complaint challenged BNY's documentation to foreclose, claiming the bank "used deceptive tactics in its pursuit" of the subject property.  R. at 9.  She alleged her due process rights were

---

[2]   Ms. Dillard's appellate brief advances the three issues we consider herein. We decline to consider any other issues Ms. Dillard could have, but did not properly raise and address on appeal.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

violated during the course of the foreclosure and evictions proceedings, and she effectively sought to quiet title in her name, asking for "Re-newed [sic] property title without lien(s)," R. at 17. These claims are barred by the *Rooker-Feldman* doctrine, and the district court was correct in dismissing them for lack of jurisdiction.[3]

Ms. Dillard also contests the dismissal of her case without an opportunity to amend her complaint. She argues that as a pro se plaintiff, she was entitled to "a reasonable amount of time to modify any defects." Aplt. Br. at 19. We have explained that "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [her] an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quotation omitted). We review the denial of leave to amend for an abuse of discretion, although when the

---

[3]    Ms. Dillard insists that the *Rooker-Feldman* doctrine does not apply because Colorado state court orders authorizing the sale of defaulted property are "'without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction.'" *See* Aplt. Br. at 16 (quoting Colo. R. Civ. P. 120(d)). We recognize that Rule 120 proceedings are not amenable to application of the *Rooker-Feldman* doctrine. *See Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1262 & n.6 (10th Cir. 2012) (concluding that no final judgment is entered in Rule 120 proceedings for purposes of the *Rooker-Feldman* doctrine). Ms. Dillard, however, is not seeking to enjoin the sale of her home; rather, she is attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated this suit. Under these circumstances, *Rooker-Feldman* bars her claims.

-4-

decision is based on futility, we review the legal basis for the conclusion of futility de novo. *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010).

Here, Ms. Dillard did not seek leave to amend until after the magistrate judge recommended that the case be dismissed. Noting that her request was untimely, the magistrate judge denied leave to amend without prejudice because Ms. Dillard failed to submit a proposed amended complaint. Although the magistrate judge explained the requirements of Rule 8 and instructed Ms. Dillard how to properly file a proposed amendment, she never did. Instead, Ms. Dillard renewed her request to amend her complaint in her objections to the magistrate judge's report and recommendation, indicating that she would file a proposed amendment "in due course." R. at 588. But once again, she did not file a proposed amendment. Under these circumstances, the district court correctly dismissed the complaint with prejudice, particularly since nothing in the facts Ms. Dillard did allege suggests that any amendment could have cured her pleading deficiencies. In fact, our review of the record and this appeal fails to disclose any reasoned, non-frivolous argument.

Indeed, Ms. Dillard's final contention raises a wholly new claim that the district court failed to protect her due process rights under the Fifth and Fourteenth Amendments. As we understand her argument, her "property and evidence [were] stolen and deliberately displaced" by BNY, and the district court did nothing about it. Aplt. Br. at 21. But we do not consider claims raised for the

first time on appeal. *See Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) ("If the claims are not preserved in the district court, they are forfeited and may not be appealed.").

The judgment of the district court is AFFIRMED. Because Ms. Dillard has failed to advance a reasoned, non-frivolous argument, her motion to proceed on appeal in forma pauperis is DENIED, and she is directed to remit the entire filing and docketing fee.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge