ORDER AND JUDGMENT *
HARRIS L. HARTZ, Circuit Judge.
Patricia Ann Evans appeals an order by the Bankruptcy Appellate Panel of the Tenth Circuit (BAP) denying her motion to set aside three earlier orders of the BAP on the ground that the orders were void because the BAP lacked jurisdiction over her original appeal to that court. One of the three earlier orders denied Evans’s appeal on the merits; one denied rehearing on the merits determination; and one sanctioned Evans for filing a frivolous appeal. Although we agree with Evans that her original appeal was moot when decided, we hold that her challenge to the first two BAP orders is a moot question over which we lack jurisdiction, and that the BAP’s sanctions order is not subject to collateral attack on the ground raised by Evans. Accordingly, we dismiss the appeal in part and affirm the BAP in part.
I. BACKGROUND
This appeal has its origins in a house located at 1933 South Downing Street in Denver, Colorado. The house formerly belonged to Evans’s daughter, Vicki Dillard-Crowe, who is not a party to this case. When these proceedings commenced, Evans resided in the home as a guest. The Bank of New York Trust Co. had purchased the house at a foreclosure auction and initiated eviction proceedings in Colorado state court against Dillard-Crowe and any other occupants. The state court granted the Bank a judgment of possession on February 11, 2010. The next day, Evans filed the Chapter 7 bankruptcy petition that eventually led to this appeal, listing the house as her primary residence although she did not own it. The Bank sought relief from the automatic stay, see 11 U.S.C. § 362(d), in order to proceed against the house. The district *743 court granted relief from the automatic stay on May 13, and Evans appealed to the BAP a day later.
The bankruptcy court granted Evans a discharge on July 9, 2010, before the BAP issued a decision on Evans’s appeal. In that decision, handed down on January 4, 2011, the BAP rejected the Bank’s argument that because the discharge had terminated the automatic stay, the appeal was moot. It affirmed the bankruptcy court’s order granting the Bank relief from the automatic stay. In addition, it ordered Evans to show cause why she should not be sanctioned for filing a frivolous appeal. It denied her motion for rehearing on February 4; and on March 11, 2011, it ordered her to pay $4,737.50 as a sanction for filing a frivolous appeal.
Evans appealed to this court, but her notice of appeal designated only the February 4, 2011, order denying rehearing. We dismissed the appeal for lack of appellate jurisdiction because Evans’s discharge from bankruptcy during the pendency of her BAP appeal mooted any issues relating to the automatic stay. See Evans v. Bank of New York Trust Co. (In re Evans) (Evans I), 465 Fed.Appx. 763, 767 (10th Cir.2012).[1] We held that we were precluded from reviewing the BAP’s January 4, 2011, order affirming relief from the stay and the BAP’s March 11, 2011, sanctions order because the notice of appeal did not encompass them. See id. at 766-68.
Evans then filed "with the BAP a “Motion to Set Aside/Vacate Void Judgment,” which invoked Fed.R.Civ.P. 60(b)(4). R., Vol. 1 at 82. She contended that our decision to dismiss her appeal as moot necessarily implied that the BAP had lacked jurisdiction to hear and determine her original appeal and to impose sanctions against her in connection with that appeal. The BAP rejected this motion in an order issued April 23, 2012, stating that the sanctions order was proper even if the case was moot.
II. DISCUSSION
Evans’s motion to the BAP challenged three orders issued by the BAP: the January 4, 2011, order affirming on the merits the bankruptcy court’s order granting relief from the stay; the February 4, 2011, order denying rehearing of the merits determination; and the March 11, 2011, order sanctioning her for filing a frivolous appeal. The first two orders no longer have any real-world consequences because there is no longer an automatic stay in the underlying bankruptcy case. Whether the orders were valid is therefore a moot issue that we lack jurisdiction to consider. See Citizens for Responsible Gov’t State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir.2000) (“The crucial question [in determining mootness] is whether granting a present determination of the issues offered will have some effect in the real world.” (ellipsis and internal quotation marks omitted)); Evans I, 465 Fed.Appx. at 767.
The third order is the BAP’s order imposing sanctions on Evans. The validity of that order is not a moot issue, and we exercise jurisdiction under 28 U.S.C. § 158(d). Evans did not appeal the order and now mounts a collateral attack on it. She argues that the BAP lacked jurisdiction when it issued the sanctions order and relies on Fed.R.Civ.P. 60(b)(4), which provides: “On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, *744 or proceeding for the following reasons: ... (4) the judgment is void.” She contends that Rule 60(b)(4) applies to the BAP because of Federal Rule of Bankruptcy Procedure 9024, which states that “Rule 60 F.R.Civ.P. applies in cases under the [Bankruptcy] Code” except in enumerated circumstances not present here.
We need not determine whether Rule 60 applies to BAP proceedings, because our analysis is essentially the same if we simply review Evans’s motion to the BAP as a motion to recall the mandate. Federal courts have an inherent power to recall their mandates. See Calderon v. Thompson, 523 U.S. 538, 549, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (recognizing inherent power of courts of appeals); 16 Charles A. Wright, et al., Federal Practice and Procedure § 3938 (2d ed.1996) (Federal Practice). Rule 60 codifies that authority for federal district courts; and “[ajlthough the Appellate Rules do not include provisions that parallel Rule 60, the courts of appeal have generally adhered to equally strict standards to protect the need for finality and repose.” Federal Practice, supra at 724-25 (footnote omitted). In Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997), we cited Greater Boston Television Corp. v. FCC, 463 F.2d 268 (D.C.Cir.1971), as “discussing particular grounds for recalling a mandate.” Greater Boston stated the general rule as “ ‘good cause,’ ” meaning “the showing of need to avoid injustice,” 463 F.2d at 277, although “ ‘exceptional circumstances’ ” must be shown, id. at 278.
We now turn to Evans’s challenge to the BAP’s sanctions order as “void.” In light of our decision on Evans’s prior appeal, she may well be correct that the BAP lacked subject-matter jurisdiction to issue the sanctions order. She could have pursued the matter on direct appeal. See Depex Reina 9 P’ship v. Texas Int’l Petroleum Corp., 897 F.2d 461, 464 (10th Cir.1990) (allowing challenge to subject-matter jurisdiction before judgment is final).
Lack of subject-matter jurisdiction does not, however, necessarily render a judgment “void” for purposes of a collateral attack. To the contrary, the law appears to be well-settled that once an order has “bec[o]me final on direct review,” the subject-matter jurisdiction of the court issuing the order can almost never be successfully raised. Travelers Indem. Co. v. Bailey, 557 U.S. 137, 152, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009). In general, “[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not reopen that question in a collateral attack upon an adverse judgment.” Id. at 153, 129 S.Ct. 2195 (ellipsis and internal quotation marks omitted).
We have said that a judgment can be collaterally attacked under Rule 60(b)(4) as void for lack of jurisdiction “only where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority,” not when the court merely made “an error of law in determining whether it ha[d] jurisdiction.” Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir.2000) (internal quotation marks omitted). And it is hard to conceive of such a usurpation actually occurring. One leading treatise states, “[I]n almost every case, courts would conclude that an erroneous decision to exercise jurisdiction was within a court’s power to determine its own jurisdiction.” 12 James Wm. Moore et al., Moore’s Federal Practice and Procedure § 60.44[2][d] (3d ed.2011). The Supreme Court has acknowledged the possibility of collateral attacks, but only in extreme (and highly unlikely) cases. See Travelers Indem. Co., 557 U.S. at 154 n. 6, 129 S.Ct. 2195 (“This is not a situation, for example, in which a *745 bankruptcy court decided to conduct a criminal trial, or to resolve a custody dispute, matters so plainly beyond the court’s jurisdiction that a different result might be called for.” (internal quotation marks omitted)).
We recognize that the court in IAL Aircraft Holding, Inc. v. FAA, 216 F.3d 1304, 1306 (11th Cir.2000), stated: “Although it is rather unusual for a court to learn, after its mandate issues, that its prior decision lacked a jurisdictional basis, the few courts confronting this issue uniformly have vacated their prior decisions.” But the supporting authority cited by the opinion is slim. IAL Aircraft cites Snow v. United States, 118 U.S. 346, 6 S.Ct. 1059, 30 L.Ed. 207 (1886), in which the Supreme Court held that it had no jurisdiction to hear the case and then vacated the judgment and recalled the mandate in a similar case in which jurisdiction had been lacking but the question of jurisdiction had not been raised or considered, see id. at 354-55, 6 S.Ct. 1059. The case in which the mandate was recalled, however, had been decided during the same term of court, which gave the Court plenary power to change the judgment. See id. at 354, 6 S.Ct. 1059 (“[A]s the case was decided at the present term, ... we have decided to vacate our judgment, and recall the mandate....”); Federal Practice, supra at 712-13 (discussing former power of courts over their mandates during term of court). The only other case cited by IAL Aircraft in which the mandate was recalled because the case had been moot when decided was the three-sentence order in United States v. Pressman (In re Grand Jury Proceedings), 593 F.2d 906 (9th Cir.1979).[2] In light of the broad language in Travelers Indem. Co., we choose not to follow the earlier lower-court decision in IAL Aircraft. We see no exceptional circumstance requiring the BAP to recall its mandate for lack of jurisdiction.
Evans had her opportunity to appeal the BAP’s sanctions order, but she did not pursue that relief. We affirm the BAP’s denial of Evans’s motion to set aside its sanctions order.
III. CONCLUSION
We AFFIRM the BAP’s decision refusing to set aside its sanctions order and otherwise DISMISS the appeal.

 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties’ request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. We had authority to order the BAP to vacate its order denying rehearing, see U.S. Bancorp Mortg. Co. v. Bonner Mall P’ship, 513 U.S. 18, 21, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); but we did not do so.

. IAL Aircraft cited Bumpus v. Clark, 702 F.2d 826 (9th Cir.1983), but Bumpus says nothing about the court's recalling its mandate; apparently the decision was rendered after a petition for rehearing and the mandate had not previously issued. It also cited United States v. Londono, 100 F.3d 236 (2d Cir.1996); but the court in that case ruled that the case was not moot.