**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICKI DILLARD CROWE,

Plaintiff-Appellant,

v.

SGT. MATT CLARK; LT. DAVID
AFSHAR; SGT. RICHARD SEELEY;
OFFICER  ABEITA, in their official and
individual capacities; THE CITY AND
COUNTY OF DENVER, a Municipality;
KATHLEEN BENTON; FRANK H.
INGHAM; GARY GREGORY; ROY
SANCHEZ; SUSAN ROYBAL;
MS. PIERCE, in their official and
individual capacities,

Defendants-Appellees.

No. 13-1221
(D.C. No. 1:12-CV-02266-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vicki Dillard Crowe, proceeding pro se,[1] appeals the dismissal of her civil rights complaint alleging constitutional and statutory violations stemming from the foreclosure of her Denver, Colorado home and her subsequent eviction from it. The district court dismissed the action for lack of jurisdiction and as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Defendants, all of whom were allegedly involved in the eviction, were never served and neither answered the complaint nor responded to this appeal. For the reasons that follow, we affirm the district court's judgment.

I

Ms. Dillard Crowe is no stranger to this court. We previously rejected her challenges to the state foreclosure and eviction proceedings, concluding that federal review of those state court judgments was barred by the *Rooker-Feldman* doctrine.[2] *See Dillard v. Bank of New York*, 476 F. App'x 690, 691-92 (10th Cir. 2012) (unpublished). We have also twice considered associated appeals brought by Ms. Dillard Crowe's mother, Patricia Evans, who lived as a guest at the property and was evicted along with Ms. Dillard Crowe. *See Evans v. Bank of New York Tr. Co. (In re Evans)*, 506 F. App'x 741 (10th Cir. 2012) (unpublished); *Evans v. Bank of New York (In re Evans)*, 465 F. App'x 763 (10th Cir. 2012) (unpublished). Most

---

[1] We liberally construe Ms. Dillard Crowe's pro se materials. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012).

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

recently, we rejected Ms. Dillard Crowe's criminal appeal from her convictions on multiple counts of mail and wire fraud resulting from her participation in a mortgage fraud scheme. *See United States v. Dillard Crowe*, 735 F.3d 1229 (10th Cir. 2013).

In this case, Ms. Dillard Crowe asserted eighteen claims against the individuals and entities who she says were responsible for wrongfully evicting her and her mother. According to the amended complaint, there was no legal authority for evicting her, and defendants therefore violated her rights under the Fourth Amendment by unlawfully searching and seizing her home; the Fourteenth Amendment by depriving her of property; the Sixth Amendment by denying her a speedy trial and preventing her from confronting witnesses; and the Eighth Amendment by exacting cruel and unusual punishment in seizing her property. Ms. Dillard Crowe also brought municipal liability claims under 42 U.S.C. § 1983, a conspiracy claim under 42 U.S.C. § 1985, several RICO claims, *see* 18 U.S.C. § 1964(c); 18 U.S.C. § 1503; 18 U.S.C. § 1513, and multiple claims under Colorado law.

The district court, after granting Ms. Dillard Crowe leave to proceed in forma pauperis ("IFP"), *see* 28 U.S.C. § 1915, ruled that her claims either were barred by *Rooker-Feldman* or were legally frivolous. More specifically, the court ruled that it lacked jurisdiction under the *Rooker-Feldman* doctrine to the extent Ms. Dillard Crowe's Fourth Amendment claim challenged the state-court order authorizing the eviction. To the extent she challenged her treatment during the eviction rather than

the eviction itself, the court found that her Sixth, Eighth, and Fourteenth Amendment claims were frivolous because the matter was not a criminal proceeding and she held no interest in the property. Moreover, without any underlying violation, the court ruled that Ms. Dillard Crowe's municipal liability claims were moot. As for her RICO claims, the court ruled they were frivolous because Ms. Dillard Crowe failed to allege an enterprise or injury and invoked inapplicable provisions of the RICO statute. Also frivolous was Ms. Dillard Crowe's § 1985 claim because she failed to allege the elements of a conspiracy under § 1985(2) or a race-based, discriminatory animus as required by § 1985(3). Finding no valid federal claim, the court declined to exercise supplemental jurisdiction over the state-law claims and dismissed the suit with prejudice.

Ms. Dillard Crowe now appeals these rulings and also contends the district court improperly refused to consider an attachment to her amended complaint. We review the district court's dismissal de novo, *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012); *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006), and agree that this case was properly dismissed.

II

Ms. Dillard Crowe first contends the district court erred in refusing to consider an attachment to her amended complaint, which she captioned, "An Elucidation of the Claims." R., Vol. 1 at 103-112. The document effectively reiterated the amended complaint, and the district court therefore found it repetitive and inappropriate under

- 4 -

Federal Rule Civil Procedure 8. Because Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and the attachment merely repeated Ms. Dillard Crowe's claims, the district court did not err in refusing to consider the attachment.

Ms. Dillard Crowe next contends the district court erred as a factual matter in applying the *Rooker-Feldman* doctrine. She insists defendants lacked authorization to evict her because the state court stayed its writ of restitution and there was thus no effective state-court judgment to bar federal review. But as Ms. Dillard Crowe well knows from her previous appeal, the state court that stayed the writ of restitution subsequently ruled that its stay order was moot and that its previous order for possession was effective against all occupants of the property. *See Dillard v. Bank of New York*, No. 11-1379, R., Vol. 1 at 419-20. There is thus no merit to Ms. Dillard Crowe's contention that the district court improperly invoked *Rooker-Feldman*.

Nor is there any merit to Ms. Dillard Crowe's remaining arguments. Although she contends her Eighth Amendment claim was valid because police cited her mother with criminal trespassing, the "Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea," *Weimer v. Schraeder*, 952 F.2d 336, 340 n.5 (10th Cir. 1991) (internal quotation marks omitted). At the time of the eviction, Ms. Dillard Crowe had not been convicted of any crime and as a consequence her Eighth Amendment protections were not implicated. And absent an underlying violation, her § 1983

claims for municipal liability were indeed moot.  *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable for constitutional violations when there was no underlying constitutional violation by any of its officers." (internal quotation marks and brackets omitted)).[3]

Ms. Dillard Crowe also protests the dismissal of her conspiracy claim under § 1985, asserting the district court should have liberally construed it as a claim under § 1985(2).  But the district court did evaluate § 1985(2) and recognized there were no allegations to support such a claim.  *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1124 (10th Cir. 2007) (explaining that a claim under § 1985(2) arises when there is a conspiracy to deter a party or witness from attending or testifying in a federal court proceeding or to obstruct justice).

This leaves Ms. Dillard Crowe's RICO claims.  As we understand her brief, Ms. Dillard Crowe's only contention is that the district court erred in finding that she failed to allege an enterprise.  *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (setting forth elements of a RICO claim under § 1962:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity") (internal quotation marks omitted).  The district court ruled that she failed to allege an enterprise

---

[3]    Without explaining why, Ms. Dillard Crowe urges us to reverse the dismissal of her Sixth and Fourteenth Amendment claims if we affirm the dismissal of her Eighth Amendment claim.  We decline to consider this or any other inadequately developed argument.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

separate and apart from the racketeering activity, but Ms. Dillard Crowe insists an enterprise is apparent from defendants' alleged wrongdoing during the eviction.

We agree with the district court's conclusion that Ms. Dillard Crowe failed to allege an enterprise, but we clarify that an enterprise need not exist separate and apart from a pattern of racketeering activity. *See United States v. Hutchinson*, 573 F.3d 1011, 1020-21 (10th Cir. 2009) (discussing *Boyle v. United States*, 556 U.S. 938, 946 (2009)). To qualify as an association-in-fact enterprise, "a group must have '[1] a purpose, [2] relationships among those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Id.* (quoting *Boyle*, 556 U.S. at 946 (alterations omitted)). The group must have a common purpose to engage in a course of conduct, but that purpose need not exist "beyond or independent of the group's pattern of racketeering activity." *Id.*

Here, Ms. Dillard Crowe attempts to define an enterprise by defendants' alleged wrongdoing during the eviction, but she fails to identify any common purpose or course of conduct. Although she claimed defendants attempted to detain and kidnap her, presumably to show a pattern of racketeering, this says nothing about the existence of any ongoing criminal enterprise. The district court was therefore correct to dismiss this claim.

III

Finally, Ms. Dillard Crowe has requested leave to proceed on appeal IFP. "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability

- 7 -

to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). We deny IFP because Ms. Dillard Crowe has failed to advance any non-frivolous arguments. Her pending motion to modify the preliminary assessment of fees is accordingly denied, and she is directed to pay the filing and docketing fees forthwith.

The judgment of the district court is affirmed.

Entered for the Court


Stephen H. Anderson
Circuit Judge